IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.   O 7-SW-05028

IN THE MATTER OF THE EXECUTION
OF A SEARCH WARRANT OF a1987
Chevrolet Caprice sedan, gray in color,
Colorado temporary license 733022E, VIN
1G1BN51H0HX164985, vehicle utilized by
Andre Stanley

---

**COMBINED ORDER PERMITTING A SIXTY DAY DELAY
IN SERVICE OR DELIVERY OF A COPY OF SEARCH
WARRANT AND INVENTORY TO OPERATOR OF
VEHICLE SEARCHED PURSUANT TO WARRANT
AND ORDER TO SEAL SEARCH WARRANT APPLICATION
AND RELATED PAPERS**

---

THE COURT has reviewed the Government's Motion Filed Pursuant to Title 18 U.S.C.

§ 3103a(b) and (c) for a Sixty Day Delay in Service or Delivery of a Copy of Search Warrant and

Inventory to Operator of Vehicle Searched Pursuant to Warrant and Motion to Seal Related

Papers. The Court has the inherent power to fashion orders consistent with the Fourth

Amendment to further law enforcement purposes served by Fed.R.Crim.P. 41. "[A]ll courts

established by Act of Congress may issue all writs necessary or appropriate in aid of their

respective jurisdictions and agreeable to the usages and principles of law." Title 28 U.S.C.

§ 1651(a). *See Dalia v. United States*, 441 U.S. 238, at 254 n. 16. (1979).

Title 18 U.S.C. § 3103a(b) and (c), provide that this Court may order delay of the

notification of the execution of the search warrant for a period not to exceed thirty days or "a

later date certain if the facts of the case justify a longer period of delay," § 3103a(b)(3), where

there is reasonable cause to believe that providing immediate notification may have an adverse

effect (such as the removal or destruction of evidence, flight from prosecution, or otherwise

jeopardizing an investigation) upon an underlying investigation.  Such period of delay may

thereafter be extended by the court for good cause shown for "periods of 90 days or less, unless

the facts of the case justify a longer period of delay."   Further, § 3103a provides that the Court

may authorize the seizure of tangible evidence during the execution of the search warrant if the

Court finds reasonable necessity for such seizures of tangible evidence.

The Court is advised that the vehicle to be searched is presently within the State and

District of Colorado.  Federal Rule of Criminal Procedure 41(b)(2) provides as follows:

> [A] magistrate judge with authority in the district has authority to issue a warrant
> for a person or property outside the district if the person or property is located
> within the district when the warrant is issued but might move or be moved outside
> the district before the warrant is executed . . .

The Court has reviewed the motion for delayed notice and authorization to seize tangible

evidence, the search warrant application, and the affidavit submitted in support of the application

for search warrant.  Being now sufficiently advised in the premises, the Court finds and

concludes as follows:

A related ongoing investigation is being conducted pursuant to the Court authorized

interception of wire communications.  Investigators believe targets of said investigation to be

associated with the evidence being sought by the application for search warrant.  The related

investigation is likely to terminate within the next sixty days.  Public knowledge of the existence

of a federal search warrant would be likely to alert the targets of the investigation to the fact that

the targets are the subject of federal law enforcement attention.  Premature disclosure of the

existence and execution of a federal search warrant could impede the investigation, apprehension and prosecution of persons acting in violation of the laws of the United States.  Similarly, failing to seize contraband, fruits of crime, instrumentalities of crime, or things criminally possessed (to include items such as large amounts of currency, records, firearms, and narcotics) found during the execution of the search warrant could result in the removal, concealment, destruction, or disposition of such items in furtherance of violations of the laws of the United States, including Title 21 U.S.C. §§ 841(a)(1) and 846.

The Court finds and concludes that there is reasonable cause to believe that providing immediate notification of the existence and execution of the federal search warrant may have an adverse result (as defined in Title 18 U.S.C. § 2705(a)(2)) on the investigation, and that there is reasonable necessity for investigators to seize any tangible property representing evidence of crime, fruits of crime, or a tangible thing criminally possessed at the time of the execution of the within search warrant as required by the terms of Title 18 U.S.C. § 3103a(b) and (c).  See *Dalia v. United States*, 441 U.S. 238, 247-248 (1979).

Under the circumstances, including the facts related in the affidavit submitted in support of the application for the search warrant, it is necessary for Special Agents and Special Federal Officers responsible for the supervision and direction of the state or federal officers who ultimately may execute the search, to execute the search warrant without contemporaneously announcing the intention to execute a search warrant (18 U.S.C. § 3109) and there is reasonable cause and necessity to do so without contemporaneously leaving a copy of the search warrant and inventory in the vehicle or with the person whose vehicle is to be searched or whose property is to be seized pursuant to warrant.

Therefore, pursuant to Title 28 U.S.C. § 1651 and Title 18 U.S.C. § 3103a(b) and (c), the

Court hereby orders that the Government shall delay for up to sixty days, to and including May

25, 2007, providing a copy of the search warrant and inventory to owner or operator of the

vehicle searched in this matter. In the event the Government determines that an extension of the

delay permitted by this order is necessary to further the interests of justice, the Government may

file a subsequent motion for an enlargement of the time of delay pursuant to 18 U.S.C.

§ 3103a(c).

Further, the Court orders that this order, all related Government motions, the search

warrant application, supporting affidavit, and search warrant shall be sealed for sixty days or

until further order of this Court, save and except for copies of said papers to be used for official

purposes only by members of the staff of the Court, members of the staff of the United States

Attorney, Special Agents, Special Federal Officers, and officers and agents assisting said Special

Agents, Special Federal Officers, and Government Attorneys in the performance of their official

duties.

Signed and entered this 26th day of March, 2007, at 1:50 P .M.

BY THE COURT:

UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO